USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM M. ALLEN,

                Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF
CORRECTION, *et al.*,

                Defendants.

No. 06 Civ. 7205 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff William M. Allen brings this action seeking relief under 42 U.S.C. § 1983 for an assault on him by three other inmates at the North Infirmary Command ("NIC") on Rikers Island. Now before the Court is the Report and Recommendation (the "Report") of the Honorable Michael H. Dolinger, Magistrate Judge, recommending that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for summary judgment be granted in part and denied in part. For the following reasons, the Court adopts the Report in its entirety.

## I. BACKGROUND

Plaintiff brings claims against the New York City Department of Correction ("DOC"), two identified DOC employees, and a John Doe Defendant. Plaintiff alleges that Correction Officer Dennis Fitzpatrick violated the Eighth Amendment and state law by intentionally triggering the attack on him.[1] He also alleges that Captain Richard Fallon violated the Eighth Amendment and state law by denying him prompt medical attention for his serious injuries resulting from the attack. Lastly, Plaintiff alleges

---

[1] As Magistrate Judge Dolinger notes, Plaintiff's complaint is unclear as to whether he intended to bring state law claims. (Report at 49.) Subsequent submissions, however, indicate that Plaintiff did so intend. Additionally, Plaintiff's complaint does not specifically allege Eighth Amendment violations, but Magistrate Judge Dolinger correctly construed his complaint as making such allegations.

that Fallon violated the Eighth Amendment and state law by refusing to have Plaintiff's alleged attackers arrested.

On March 12, 2009, Defendants filed this motion to dismiss and for summary judgment, which the Court had previously referred to Magistrate Judge Dolinger. On March 18, 2010, Magistrate Judge Dolinger issued the Report, which recommends that the Court:

(1) Grant Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against Defendant Fallon for his refusal to arrest or charge the inmates who allegedly attacked Plaintiff;

(2) Grant Defendants' motion for summary judgment on Plaintiff's state law claims; and

(3) Deny Defendants' motion with respect to all other claims.

On April 5, 2010, the Court received Plaintiff's timely objections to the Report. Plaintiff objects to Magistrate Judge Dolinger's recommendations (1) to dismiss his Eighth Amendment claim against Defendant Fallon for refusing to arrest the inmates who allegedly attacked Plaintiff and (2) to grant summary judgment on his state law claims. Defendants did not make any objections to the Report.

II. STANDARD OF REVIEW

When no party makes objections to a report and recommendation, the Court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005). When a party makes objections, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). "[I]f the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Dawson v. Phillips*, No. 03 Civ. 8632 (RJS) (THK), 2008 WL 818539, at *1 (S.D.N.Y. Mar. 25, 2008) (internal quotation marks and citation omitted). But "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Grassia v. Scully*, 892

F.2d 16, 19 (2d Cir. 1989) (explaining that § 636(b)(1)"affords the district court broad latitude" in reviewing the magistrate judge's recommendation).

### III. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff's first objection asserts that Magistrate Judge Dolinger misconstrued his Eighth Amendment allegation to be that Defendant Fallon should have made a "citizen's arrest" of Plaintiff's alleged attackers.[2] Plaintiff's opposition memorandum appears to make the same point: "Mr. Harvis says . . . that I said in my complaint, 'plaintiff claims that defendant Fallon refused to arrest plaintiff's alleged assailants' which is not what plaintiff said [sic] this plaintiff said, 'I also asked Captain Fallon to have my three (3) assailance [sic] arrested . . . .'" (Pl.'s Opp'n. at 5-6) (quoting Compl. at 3A)). Thus, Plaintiff's complaint, opposition memorandum, and objections to the Report attempt to reiterate the same distinction: namely, that Plaintiff's claim is *not* based on Defendant Fallon's failure to arrest his alleged attackers but rather on Defendant Fallon's failure to have his alleged attackers arrested, in accordance with DOC policies, at a subsequent time. Because the Report does not directly address this distinction, this Court will conduct a *de novo* review of this claim.

Plaintiff's objection tries to clarify what Plaintiff meant by asking Defendant Fallon to have his alleged attackers arrested. He explains:

> When I asked Capt. Fallon to "arrest" those three inmates who had assaulted me to be clear I was asking Capt. Fallon to place said three inmates into the same process or procedure that any inmate would go through on Rikers Island if he or she got caught [breaking the law]. . . . [T]here is a process that DOC Correction Officers do that charge, finger print and then have an inmate . . . taken to the Bronx Supreme Court and have him or her arraigned in Criminal Court, and this is what

---

[2] Confusingly, within this objection, Plaintiff asserts, "I asked Capt. Fallon *to 'arrest'* those three inmates." (Objections at 1 (emphasis added).) Given Plaintiff's *pro se* status, the Court will overlook this apparent inconsistency and discuss whether Plaintiff has a constitutional right to compel Captain Fallon to have someone else arrest his alleged attackers.

3

I was asking Capt. Fallon to do.

(Objections at 6.) Asking Defendant Fallon to *arrest* his alleged attackers and asking Defendant Fallon *to have* his alleged attackers arrested, however, are legally indistinguishable. Under both scenarios, Plaintiff would be asserting a constitutional right to have had a DOC employee arrest his alleged attackers. However, as the Report explains,

> "There is no consitutional right to force an officer to make an arrest." *Lewis v. New York City Police Dep't*, 2000 WL 16955, *4 (S.D.N.Y. Jan. 10, 2000). Otherwise stated, "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

(Report at 43.) In fact, Plaintiff's objection would fail even if he claimed a constitutional right to have prison officials investigate his attack. As the Report explains, "there is 'no constitutional right to an investigation by government officials.' *Stone v. Dep't of Investigation*, 1992 WL 25202, *2 (S.D.N.Y. Feb. 4, 1992); *accord Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004)." (Report 43.) Accordingly, the Court dismisses Plaintiff's Eighth Amendment claim against Defendant Fallon for failing to effectuate the arrest of his attackers.

## B. Plaintiff's Second Objection

Plaintiff's second objection is that Defendants should not be awarded summary judgment on his state law claims. The Report cites the New York General Municipal Law's applicable statute of limitations for plaintiffs asserting state tort law claims against a municipal entity. (Report at 50.) The Report then explains that Defendants' motion must be granted because, although Plaintiff may have timely filed a notice of claim, he did not timely file his complaint. (Report at 51.) Plaintiff objects to this recommendation by asserting that he timely filed a notice of claim for personal injury with the City of New York's Comptroller, who informed him that he had no claim. Because Plaintiff made the same point in his complaint (Compl. ¶ I), the Court reviews the Report's recommendation on Plaintiff's state

4

law claims for clear error and finds none. *See, e.g., Silberstein v. Westchester County*, 92 A.D.2d 867, 867 (N.Y. App. Div. 1983), *aff'd*, 62 N.Y.2d 675 (1984).

### C. The Remaining Claims

Because Defendants did not submit any objections, the Court reviews the remainder of the Report for clear error and finds none.

### IV. CONCLUSION

For the foregoing reasons and those reasons stated in the Report, the Court adopts the Report's recommendations in their entirety. Accordingly, the Court grants Defendants' motion to dismiss with respect to Plaintiff's Eighth Amendment claim against Defendant Fallon for failing to arrest or to effectuate the arrest of Plaintiff's alleged attackers. The Court also grants Defendants' motion for summary judgment with respect to Plaintiff's state law claims. The Court denies Defendants' motions with respect to all other claims.

Additionally, IT IS HEREBY ORDERED that, by May 11, 2010, Defendants shall submit a letter, to Plaintiff and chambers, updating the Court on the status of this action. Defendants' letter shall not exceed three pages and shall be sent via the chambers email address: sullivannysdchambers@nysd.uscourts.gov. IT IS FURTHER ORDERED that a conference will take place on Wednesday, May 26, 2010 at 2:30 p.m. Defendants shall appear in Courtroom 21C. The Court will arrange to have Plaintiff appear via telephone.

The Clerk of the Court is directed to terminate the motion located at docket number 40.

SO ORDERED.

DATED:   April 19, 2010
         New York, New York

                                                      _____
                                                      RICHARD J. SULLIVAN
                                                      UNITED STATES DISTRICT JUDGE

5

Copies Mailed to:

William M. Allen
Plaintiff *Pro Se*
03-A-4303
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, New York 12733-0116

Gabriel Paul Harvis
New York City Law Department
100 Church Street
New York, NY 10007